■ WASAN SHOES LTD., Appellant, v MARK B. BAKER, Individually and Doing Business as MARK BAKER STUDIOS, Defendant, and CITIBANK, N.A., Respondent. [759 NYS2d 5] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered January 8, 2002, which, upon the prior grant of the motion of defendant Citibank, N.A. pursuant to CPLR 3211 (a) (1), dismissed the complaint as against that defendant, unanimously affirmed, with costs.

Plaintiff, an Indian leather goods manufacturer, alleges that it was not paid for goods sold and delivered to defendant Mark B. Baker, individually and doing business as Mark Baker Studios (Baker), and that defendant Citibank bears some measure of responsibility for its damages because it released the documents—which had been forwarded to it by the remitting institution, Canara Bank—to Baker, entitling Baker to take delivery of the goods without first collecting payment from Baker. As the motion court found, however, the documentary evidence conclusively showed that Citibank followed the instruction of Canara Bank to "deliver the documents against acceptance," which was consistent with the provisions in the bills of exchange advising that they were variously payable 15, 20 or 45 days after presentment. All of the bills of exchange contain the stamp "Accepted" by Baker, along with an authorized signature, a date of acceptance and a maturity date. Accordingly, Citibank proved that it satisfied its obligations as a collecting bank pursuant to UCC 4-503 (a).

Plaintiff's argument that Citibank was contractually bound to pay for the delivered goods because it had agreed to "co-accept" the transactional documentation is without merit. Citibank's agreement to "co-accept" the documentation did not transform it from a collecting institution into an acceptor within the meaning of UCC 3-410, particularly since each of Citibank's acceptance advices notifying Canara Bank that Baker had accepted the draft stated, "[t]his is solely an advice

of the acceptance by the drawee and conveys no engagement by us." Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.